UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

|  |  |  |
|---|---|---|
| MICHAEL C. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00078-TWP-DML |
| | ) | |
| NEW ALBANY, INDIANA POLICE DEPT, | ) | |
| C. SHULTZ NAPD, and B. KORTE NAPD, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Motion for Summary Judgment, (Dkt. 27), filed by Defendants Cameron Shultz ("Shultz") and Brandon Korte ("Korte") (collectively, "the Defendants"). Plaintiff Michael C. Davis ("Davis"), *pro se*, filed this action asserting claims of false arrest and false imprisonment. The Defendants contend that Davis' claims fail as a matter of law. For the reasons stated below, the Defendants' summary judgment motion is **granted**.

## I.  BACKGROUND

The standard for review on summary judgment is that the inferences drawn from the underlying facts "must be viewed in the light most favorable to the non-moving party". *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Davis, the non-moving party, was instructed on several occasions of his right to respond to the summary judgment motion, but he has failed to file a response. *See* (Dkt. 30, Dkt. 31). Davis' failure to respond to the Defendants' Motion requires the Court to treat the movants' version of the facts as uncontested. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994); *Childress v. Experian Info. Servs.*, 2014 Lexis 103738, 9-11 (S.D. Ind. 2014) (J. Pratt); S.D. Ind. Local R. 56-1(f) ("[i]n deciding a summary judgment motion, the court

will assume that the facts as claimed by admissible evidence by the movant are admitted without controversy except to the extent that the non-movant specifically controverts the facts in that party's "Statement of Material Facts in Dispute" with admissible evidence") (internal citations omitted). The Defendants have properly supported their summary judgment motion by attaching affidavits and designating evidence. Accordingly, the uncontested facts are as follows.

On April 16, 2016, Davis was arrested and charged in the Floyd Superior Court with child seduction, two counts of dissemination of matter harmful to minors and two counts of incest. (Dkt. 29-2 at 7.) Shortly thereafter, he posted bond and was released. (Dkt. 1 at 4.) On April 17, 2018, Judge Maria Granger ("Judge Granger") issued a No Contact Order Upon Release from Custody or Bail or Personal Recognizance, restricting Davis from having contact with his daughter, Earlean "Jo" Davis ("Jo Davis"). (Dkt. 29-2 at 7.)

Shultz and Korte are officers with the New Albany, Indiana Police Department. On October 31, 2018, Shultz responded to a call at the Walmart located at Grant Line Road, New Albany, Indiana ("Walmart"), in reference to a violation of a protection order. Upon arriving at the Walmart, Shultz spoke to Jo Davis. She informed Shultz that she was working in the Walmart on October 31, 2018 when she saw her father, Michael Davis, in the store. Jo Davis told Shultz there was an active Protective Order which forbid Davis from contacting her or from visiting locations where he knew Jo Davis to be located. After she informed Shultz of the Protective Order, Shultz contacted New Albany Police dispatch which confirmed there was an active Protective Order and that Davis had been served with the Protective Order.

On October 31, 2018, Shultz also spoke with Walmart Loss Prevention employee, Joyce Lamb ("Lamb"), who informed Shultz that "Mike has been coming to Walmart for years and it appeared he was here today to pick up medication or some other item". (Dkt. 29-2 at 10.) Lamb

advised Shultz that she would issue Davis a trespass warning if he came to the store again. Shultz prepared a report regarding his investigation to document in writing that Davis was now aware that his daughter, Jo Davis worked at that particular Walmart and any further interaction with Jo Davis at that location would be an intentional violation of the Protective Order. *Id.*

On October 31, 2018, Korte also responded to the call at Walmart in reference to a violation of a protection order. Shultz was the responding officer on the call and Korte was only present at Walmart to back up Schultz while he conducted his investigation. (29-4 at 1.) He did not participate in the witness interviews conducted by Shultz at Walmart on October 31, 2018 and did not prepare the police report relating to Shultz's investigation. *Id.*

On December 27, 2018, Shultz responded to another call at the Walmart in reference to a violation of a protection order. Upon arriving at the Walmart, Shultz again spoke to Jo Davis. She informed Shultz that she was stocking shelves on December 27, 2018 when she turned around and saw her father, Davis, standing behind her. Jo Davis told Shultz that Davis made a mean face towards her at which time she walked away from him and went to the rear of the store where she called her mother who contacted the police to report the incident. (Dkt. 29-2 at 2.)

Shultz then spoke with Walmart Loss Prevention employee Demetrius Watkins ("Watkins") who informed Shultz he witnessed Davis inside the store that day. Watkins provided Shultz with a signed statement regarding his interaction with Davis at the Walmart. In his statement, Watkins reported that when he told Davis that he had to leave the store, Davis stated "he didn't know why he was being put out of the store and that he doesn't know when Earleen Davis is working." (Dkt. 29-2 at 11.) Watkins also provided Shultz with video footage from Walmart's surveillance system which showed Davis inside the Walmart on December 27, 2018.

Shultz subsequently provided the video recording to the Floyd County, Indiana Prosecutor's Office for use in its prosecution of Davis.

On December 27, 2018, Korte also responded to the dispatch call at the Walmart in reference to a violation of a protection order. Korte was only present at Walmart to back up Schultz while he conducted his investigation. (Dkt. 29-4 at 2). As the backup officer, Korte did not participate in the witness interviews conducted by Shultz at Walmart on December 27, 2018. *Id.*

On December 27, 2018, Shultz prepared and signed an Affidavit for Probable Cause related to his investigations at Walmart on October 31, 2018 and December 27, 2018. (Dkt. 29-2 at 15.) He subsequently provided the Affidavit for Probable Cause to the Floyd County, Indiana Prosecutor's Office. Shultz affirms that all of the information contained in the Affidavit for Probable Cause was a true and accurate representation of the information he received during his investigations and he never received any information which would have caused him to question the accuracy or truthfulness of the information provided to him by Jo Davis or the Walmart employees he spoke to during his investigations. (Dkt. 29-2 at 3-4.) Korte did not prepare a police report or Affidavit for Probable Cause related to Shultz's investigation.

After the Floyd County Prosecutor's Office filed the Probable Cause Affidavit with the court, Judge Granger found there was probable cause to believe Davis committed a crime and issued a warrant for Davis' arrest. (Dkt. No. 29-2 at 4.) Neither Shultz nor Korte served the arrest warrant upon Davis and neither took part in Davis' arrest; rather, Officer Jacob Hannon ("Hannon") of the New Albany Police Department was the arresting officer who took Davis into custody on January 9, 2019. *Id.;* Dkt. 29-3.

## II. **LEGAL STANDARD**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). Summary judgment is not appropriate if the dispute about a material fact is "genuine." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. A material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* The judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If there is a genuine issue of material fact, the Motion for Summary Judgment must be denied. *Id.*

### III. <u>DISCUSSION</u>

As an  initial matter, the Court notes that Davis brings this action against the New Albany, Indiana, Police Department and the two officers. A city police department is not a properly suable entity because Indiana law does not provide for municipal police departments to sue or to be sued. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *Martin v. Fort Wayne Police Dep't*, 2010 WL 4876728, at *3 (N.D. Ind. Nov. 23, 2010)) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). It appears the Defendants have relied on this principle because only the officers have moved for summary

judgment. Because the New Albany, Indiana Police Department is not a suable entity, it is **dismissed** as a party to this action.

The Defendants assert that summary judgment is appropriate because the undisputed evidence shows Davis' constitutional rights were not violated. In particular, they argue that since Shultz and Korte were not the officers that actually arrested Davis, they did not subject Davis to false arrest and/or false imprisonment. They also contend that Davis' arrest was constitutional, because there was probable cause to believe that he committed a crime. The Defendants further assert that even if the Court finds an issue of fact precludes summary judgment on whether Davis' constitutional rights were violated, summary judgment is required because they are entitled to qualified immunity. The Court will address the false arrest/false imprisonment claims before turning to the issue of immunity.

**A.** **False Arrest/False Imprisonment Claims**

Although Davis did not respond to the Defendants summary judgment motion, the facts alleged in his Complaint are mostly consistent with the evidence designated by the Defendants. The sole dispute is with Davis' identification of the officer(s) who effectuated his arrest. In his Complaint, Davis alleges that on April 16, 2018, he was arrested by New Albany, Indiana police officers for serious allegations, for which he was later released after posting bond. (Dkt. 1 at 4.) On December 27, 2018, he entered Walmart and while shopping, was approached by two Walmart security employees and informed that Walmart had recently hired Jo Davis "the alleged victim" of his April 2018 arrest, and she had obtained a restraining order against him. *Id*. at 4. Davis offered to stop shopping and leave, but the security officers allowed him to finish shopping and escorted him to a check-out clerk away from Jo Davis. *Id.* He alleges that on January 9, 2019, he was arrested by the Defendants, New Albany police officers C. Shultz and B. Korte, and was charged

with invasion of privacy for being in Walmart on December 27, 2018. *Id.* He was detained in the Floyd County Jail where he suffered extreme emotional distress and traumatic nightmares and was subjected to a $20,000.00 bond before being released from jail. Davis asserts that all of this occurred without his violating laws or Walmart's store policies and without approaching the Walmart employee who had obtained a restraining order against him. (Dkt. 1. at 4–5.) Thus, he argues he has been the victim of false arrests and false imprisonment. Davis seeks relief for violation of his civil rights under 42 U.S.C. § 1983.

As noted by the Defendants in their brief, under Indiana law and Seventh Circuit precedent, the courts use the same analysis for allegations of false arrest and false imprisonment. ("A false arrest is one means of committing a false imprisonment, and every false arrest has, at its core, a false imprisonment."). *Bentz v. City of Kendallville*, 577 F.3d 776, 780 (7th Cir. 2009).

Probable cause is an absolute defense to claims of wrongful or false arrest under the Fourth Amendment in section 1983 suits. *Ewell v. Toney*, 853 F.3d 911, 919 (7th Cir. 2017). If an officer has probable cause to arrest a suspect, the arrest was not false. Probable cause exists at the time of an arrest if "the facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing... that the suspect has committed, is committing, or is about to commit an offense." *Williams v. City of Chicago*, 733 F.3d 749, 756 (7th Cir. 2013). (quoting *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009)).

Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). To succeed in his claim against Shultz and Korte, Davis must first establish that each officer either participated in his arrest or caused his arrest.

7

Despite Davis' allegation in his Complaint that officers Shultz and Korte arrested him, the designated evidence supports that officer Hannon alone was the arresting officer. As the non-movant, Davis must "go beyond the pleadings (*e.g.*, produce affidavits, depositions, answers to interrogatories, or admissions on file) to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in his favor. *Modrowski v. Pigatto*, 712 F.3d 1166, 1169 (7th Cir, 2013). Davis has designated no evidence to contradict the officers' testimonies that Hannon was the arresting officer. Because Davis has not shown that either Shultz or Korte arrested him, the Court will determine whether either Defendant caused him to be arrested.

Concerning Korte, the evidence shows that on the October 31 and December 27, 2018 runs to Walmart, he did not participate in witness interviews, did not prepare any reports related to Davis, did not prepare or sign the Affidavit for Probable cause in Davis' criminal case, and was not present when Hannon arrested Davis. Defendants argue these facts are fatal to Davis' claims against Korte. The Court agrees. Korte is entitled to summary judgment in his favor as a matter of law because the undisputed evidence shows he did not participate in or cause Davis' arrest.

Shultz, however, concedes that he prepared and signed an Affidavit of Probable Cause based upon the information he gathered from interviewing witnesses on October 31 and December 27, 2018. Shultz argues that there is no evidence that he entertained serious doubts as to the truth of the statements in his Affidavit and he had no reasons to doubt the accuracy of the statements and information that he submitted in his Affidavit to the prosecuting attorney. After submitting his Affidavit to the Prosecutor's Office, the prosecuting attorney filed the Affidavit with the court and Judge Granger issued the warrant which "caused" Davis' arrest. Although Shultz did not participate in the actual arrest, an issue of fact exists as to whether Shultz's actions "caused" Davis being arrested.

8

The Defendants argue that even if the Court finds an issue of fact exists regarding whether Shultz "caused" Davis' arrest, they are still entitled to judgment as a matter of law because to prevail on his claim of false arrest (and false imprisonment), Davis must show there was no probable cause for his arrest.  *See Thayer v. Chiczewski*, 705 F.3d 237, 246 (7th Cir. 2012). Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest.  *Mustafa v. City of Chicago,* 442 F.3d 544, 547 (7th Cir.2006).

Probable cause "requires only that a probability or substantial chance of criminal activity exists; it does not require the existence of criminal activity to be more likely true than not true." *Mucha v. Vill. of Oak Brook,* 650 F.3d 1053, 1056–57 (7th Cir.2011).  Probable cause "is a fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances."  *United States v. Reed,* 443 F.3d 600, 603 (7th Cir.2006).  For this Court to make a probable cause determination, it must "step[ ] into the shoes of a reasonable person in the position of the officer[,]" *Wheeler v. Lawson,* 539 F.3d 629, 634 (7th Cir.2008), considering the facts known to the officer at the time, *Carmichael v. Vill. of Palatine, Ill.,* 605 F.3d 451, 457 (7th Cir.2010). This is an objective inquiry; we do not consider the subjective motivations of the officer. *Whren v. United States,* 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).  Likewise, for a claim of false arrest or false imprisonment to succeed under Indiana law, there must be an "absence of probable cause."  *Row v. Holt,* 864 N.E.2d 1011, 1016 (Ind.2007).

The Defendants contend the undisputed evidence shows there was probable cause to arrest Davis for committing the offense of Invasion of Privacy in violation of I.C. § 35-46-1-15.1. That statute provides in pertinent part:

(a) A person who knowingly or intentionally violates:
    (1) a protective order to prevent domestic or family violence or harassment issued under IC 34-26-5 (or, if the order involved a family or household member, under IC

9

34-26-2 or IC 34-4-5.1-5 before their repeal); . . . commits invasion of privacy, a
Class A misdemeanor.

Ind. Code Ann. § 35-46-1-15.  Specifically, The Defendants point to the following evidence:

…Shultz first responded to a call at the Walmart regarding Davis on October 31,
2018.  At that time, Shultz spoke to Jo Davis who told Shultz Davis had seen her
working in the store.  Shultz also interviewed a Walmart Loss Prevention employee
who told him Davis had been in the store at the same time as Jo Davis.  Shultz then
confirmed with dispatch that a Protective Order had been served upon Davis.
However, at that time, Shultz did not take any action beyond preparing a report to
memorialize the fact Davis was aware Jo Davis worked at Walmart.
On December 27, 2018, Shultz again responded to a call at Walmart regarding
Davis violating the Protective Order which forbade him from going to Jo Davis'
place of employment.  Shultz spoke with Jo Davis and a Walmart Loss Prevention
employee and obtained a signed statement from the Loss Prevention employee
indicating he had seen and interacted with Davis at the Walmart.  Shultz also
obtained a video recording which showed Davis in the Walmart at the same time
Jo Davis was working there.

(Dkt. 28 at 12).

The Court agrees that the undisputed evidence shows Shultz acted in a reasonable manner

in preparing and signing the Affidavit for Probable Cause.  The evidence gathered by Shultz during

his two trips to Walmart was sufficient to create probable cause to believe Davis had violated

Indiana's invasion of privacy statute.  It is undisputed that Jo Davis, the alleged victim, positively

identified Davis as having violated the no contact order.  The Defendants were entitled to rely on

information reported by Jo Davis.  *See Capps v. State,* 248 Ind. 472, 229 N.E.2d 794, 796 (1967)

("A police officer may base his belief that there is reasonable and probable cause for arresting a

person on information received from another.").  Importantly, Shultz confirmed the existence of a

Protective Order which forbade Davis from going to Jo Davis' place of employment.  The

information Shultz gathered during his October 31, 2018 investigation created probable cause to

believe Davis was aware Jo Davis worked at Walmart.

The information Shultz gathered during his December 27, 2018 investigation created probable cause to believe Davis knowingly and/or intentionally violated the terms of the Protective Order when he returned to Walmart despite having already been served with the Protective Order and put on notice that Jo Davis worked there.  The Court recognizes that Davis alleges in his Complaint that while he shopped at the Walmart establishment he did not  "attempt to approach nor approach, Ms. Davis nor any register she may have been assigned and did not violate any laws on his December 27, 201[8], visit."  (Dkt. 1 at 5).  Davis' assertions may be true and he may ultimately be found not guilty of invasion of privacy; however, the issue of Davis' guilt is not relevant to a determination of probable cause for his arrest.  What is relevant is whether Shultz had a reasonable suspicion or justifiable belief based on specific facts and/or circumstances that Davis was involved in criminal activity.  The Court finds that he did.

In addition, Judge Granger determined that probable cause existed for Davis' arrest.  "[A] judicial determination of probable cause in a criminal proceeding constitutes prima facie evidence of probable cause. . . ."  *Marten v. Swain*, 242 F. Supp. 3d 744, 762 (S.D. Ind. 2017).  An exception exists if there is evidence showing that "the finding of probable cause was induced by false testimony, fraud, or other improper means such as the defendant withholding material facts at the hearing."  *Id*.  Here, there is no evidence that the probable cause affidavit was induced by false testimony, fraud or other improper means.  Likewise, there is no evidence that Shultz withheld any material facts relating to his Affidavit. Thus, the Court determines as a matter of law that probable cause existed for Davis' arrest and summary judgment is appropriate as to claims against Shultz.

**B.     <u>Qualified Immunity</u>**

Finally, the Defendants assert that they are also entitled to judgment in their favor because they are cloaked with qualified immunity.  The qualified immunity doctrine "protects government

officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional  rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  When qualified immunity is presented as a defense, courts must first "(1) determine whether the plaintiff has alleged the deprivation of an actual constitutional right and, (2) if so, determine whether that right was clearly established at the time of the alleged violation." *Sparing v. Village of Olympia Fields*, 266 F.3d 684, 688 (7th Cir. 2001) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)).  "Clearly established" for purposes of qualified immunity means that "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Wilson v. Layne*,  526 U.S. 603, 614-15 (1999).  The burden of defeating an assertion of qualified immunity rests with the plaintiff. *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999).

For qualified immunity to attach, the Defendants do not have to show they had actual probable cause.  Rather, they need only show that they had "arguable probable cause." *Bruce v. Guernsey*, 777 F.3d 872, 878 (7th Cir. 2015).  *See also*, *Gutierrez v. Kermon*, 722 F.3d 1003, 1008 (7th Cir. 2013) (qualified immunity provides shelter for officers who have at least "arguable" probable cause); *Burritt v. Ditlefsen*, 807 F.3d 239, 250 (7th Cir. 2015) (officers are entitled to qualified immunity if a reasonable officer could have mistakenly believed that probable cause existed).  As addressed above, this Court has determined that probable cause clearly existed for Davis' arrest. Shultz received information from credible witnesses which created probable cause to believe Davis had committed a crime, and a judicial officer agreed and issued an arrest warrant. Because Shultz's and Korte's conduct did not violate any of Davis' constitutional rights, the Defendants are entitled to qualified immunity.

## IV.   CONCLUSION

For the reasons stated above, the Defendants' Motion for Summary Judgment, (Dkt. [27]),

is **GRANTED**[1].

**SO ORDERED.**

Date:  9/11/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael C. Davis
FLOYD COUNTY JAIL
P.O. Box 1406
New Albany, Indiana  47150

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

---

[1] As noted in Section III of this Order, the New Albany, Indiana Police Department is **dismissed** as a party to this action.